UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-277-FDW

| TERRANCE L. JAMES-BEY,[1] | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KENNETH LASSITER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1).

## I. BACKGROUND

The *pro se* Plaintiff is currently incarcerated at the Albemarle Correctional Institution in Badin, North Carolina. He seeks emergency relief for alleged violations of his religious rights at Albemarle C.I. pursuant to the Religious Land Use and Institutionalized Persons Act, 42 USC 2000cc *et seq.*[2] He also cites two criminal statutes, 18 U.S.C. §§ 241 and 242. He names as Defendants: Kenneth Lassiter, Mr. Leach, Ms. Copple, Superintendent 1 John Doe Mr. Clelland, Superintendent 2 John Doe, C.O. Redisivick, Sergeant Hounds, C.O. Hurley, C.O. Eudy, Ms. C. McBride, Erik A. Hooks, Religious Coordinator Barbara Brown, Sergeant Dennis, and Ms. McNeil.

Construing the allegations liberally, Plaintiff claims to be a Moorish American National who has experienced "continuous persecution and assault" at Albemarle C.I. because of his

---

[1] According to the information available on the North Carolina Department of Public Safety's website, Petitioner's name is Terrance L. James. See https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view.

[2] Petitioner specifically states that he is not seeking relief pursuant to 42 U.S.C. § 1983.

1

religion. (Doc. No. 1 at 3). He seeks declaratory judgment, damages, injunctive relief, and such other relief as the Court deems necessary and proper. (Doc. No. 1 at 5).

## II. DISCUSSION

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Even if the 28 U.S.C. § 1391(b) venue requirements are satisfied, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice," a court may transfer a civil action to any district where the action "might have originally been brought." In determining whether transfer is appropriate, courts commonly consider the following factors: (1) plaintiff's initial choice of the forum; (2) the relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (4) possibility of view of premises, if view would be appropriate to the action; (5) enforceability of a judgment if one is obtained; (6) relative advantages and obstacles to a fair trial; (7) all other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interests in having localized controversies settled at home; (10) the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance

of unnecessary problems with conflict of laws. <u>Datasouth Computer Corp. v. Three Dimensional Techs., Inc.</u>, 719 F. Supp. 446, 450-51 (W.D.N.C. 1989).

Plaintiff presently resides at the Albemarle C.I. where the alleged incidents occurred, which is located in Badin County in the Middle District of North Carolina. The Defendants appear to work at either the Albemarle C.I., or at the North Carolina Department of Public Safety's Raleigh office in Wake County, which is in the Eastern Districts of North Carolina. To the extent that Plaintiff may be able to state a cognizable claim against any Defendant,[3] venue would be proper in the Middle or Eastern District of North Carolina. The Middle District of North Carolina appears to be the most appropriate venue for this action because it is where the events giving rise to the claims occurred and where the majority of the Defendants are located.

### III. CONLUSION

For the reasons stated herein, this action will be transferred to the Middle District of North Carolina, where the events at issue are alleged to have occurred and where the majority of the Defendants are located.

**IT IS THEREFORE ORDERED** that:

> The Clerk of this Court is hereby ordered to transfer this action to the Middle District of North Carolina

Signed: May 30, 2018

Frank D. Whitney
Chief United States District Judge

---

[3] The Court expresses no opinion about Plaintiff's standing or the procedural viability or merit of his case.